Casey, C. J.,
delivered the opinion of the Court.
The plaintiff claims damages in this case for the illegal termination and breach of a contract with the United States for the delivery of stone for Fort Niagara, in 1817 and ISIS, on the part of the officers and agents of the government having that work in charge. If there were any legal or satisfactory proof of the allegations contained in the petition, it would he unnecessary for us to review it, in the view we take of this case. The claim was made before Congress, and on the 29th May, 1830, an act was approved as follows:
“A BILL for the relief of Ephraim E. Gilbert.
“ Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That the Third *109 Auditor of the Treasury Department be, and he hereby is, authorized and directed to ascertain the damages and losses sustained by Ephraim F. Gilbert, after the close of his labor in delivering stone for the United States at Fort Niagara, in the year one thousand eight hundred and seventeen, under his contract for that purpose dated the twenty-ninth day of January, in the year one thousand eight hundred and sixteen; which losses and damages were sustained in preparing to deliver a further quantity of stone, under an extension of said contract, in the year one thousand eight hundred and eighteen; and the same is to be ascertained on just and equitable principles, so as to indemnify him for his expenditures in making preparations for delivering a further quantity of stone in the year one thousand eight hundred and eighteen, and for damages sustained in the particulars mentioned in the report of the Committee of Claims on this subject. And the sum thus ascertained the Secretary of the Treasury is hereby authorized and directed to pay to said Gilbert, out of any money in the treasury not otherwise appropriated.”
The claimant appeared before the Third Auditor, Peter Hagner, adduced his proofs, and submitted his statements, and on the 14th December, 1830, Mr. Hagner made the following award :
“From the evidences adduced by Ephraim F. Gilbert in support of his claim under the act for his relief, passed on the 29th May, 1830, it has been found utterly impracticable to ascertain the damages and losses sustained by him in the manner designated in the law ; and he alleges that the circumstances of the case are such' as to render it impossible for him to produce testimony that will exhibit the same with any approximation to certainty; that a large portion of the expenditures applicable to the work performed after the close of his labor in delivering stone for the United States at Fort Niagara, in 1817, had been made in advance, prior thereto, to sub-contractors, partly in money, and in other part in provisions for the supply of their workmen ; that further advances were afterwards made to them in provisions, which had been procured in the fall of 1817 for the winter’s operations ; that with several of them no final settlements were ever effected, and that his books do.not show the state of their accounts, as that the extent of debit or credit applicable to labor in preparing for deliveries of stone in ISIS could be discriminated from such as related to the preceding period; that, as respects the stone delivered to the United States in 1818, he is unable to adduce any receipts, or other evidences given at the time, whereby the quantity could be ascertained; and *110 that he has no means, other than the depositions he has procured afford, for specifying the quantity- of stone quarried in the winter of 1817-U8 and spring of the latter year, exclusive of that delivered to the United States, nor for specifying the quantities disposed of to inhabitants of Canada or elsewhere; and the proceeds of none of which, as he avers, came into his hands, but were retained by or for the boatmen, on account of wages due to them.
“ With regard to a fit compensation for his own time and trouble, the testimony is considered objectionable; and, after so great a lapse of time, none could probably be furnished that would satisfactorily establish how long he, from time to time, actually employed himself in the winter of 1817-’18 and spring of the latter year in preparing for further deliveries of stone to the United States.
“ Considering, however, all the circumstances of the case, as represented by him and exhibited in the evidences he has adduced, and its being the design of the law that this claim should be settled on just and equitable principles, as regards the particulars it refers to, I have concluded to make an award in his favor for two thousand dollars, on the express understanding with him that he is to receive this sum in full satisfaction of all demands against the United States.
“ PETER HAGNER, Auditor.
“Treasury Department,
“Third Auditor's Office, December, 14, 1830.”
“ I hereby acknowledge that I have received from the Third Auditor of the Treasury Department an award for the sum of two thousand dollars, made by him in my favor under the act of Congress passed for my relief, and that this sum has been so awarded by him, and is to be received by me, agreeably to an express understanding that the saméis in full of all demands against the United States.
“EPHRAIM F. GILBERT.
“December 14,1830.”
More than thirty years ago Congress passed an act for the relief of the claimant, liberal and beneficent in its terms. He submitted his ease to the referee designated, and, although his proofs failed to substantiate his allegations in regard to the breach and violations of the contract by the United States, yet the auditor, in the spirit of the enactment, believing he had sustained some losses, awarded him the sum of two thousand dollars. This award was made under an express written agreement that it should operate as a full and final discharge of *111 the United States of all claim in regard to the transactions. Without this agreement, such would have been the effect of the award, especially if the finding had been ratified, as it was, by the acceptance of the amount awarded.
Mr. M. L. Ogden for claimants.
Mr. J. J. Weed, Assistant Solicitor, for the government.
Whether we regard the acquittance given to Mr. Hagner as a release, or all the proceedings under the act as an award and acceptance of the amount, or as accord and satisfaction, or the compromise of a doubtful right — in any aspect, it is equally binding upon the claimant, and equally conclusive. There is nothing shown to impeach the justice of the finding or the integrity of the arbitrator. And the objection that the award is not according to the submission is answered by the acceptance of the amount awarded by the claimant, and his written ratification of the finding. He is estopped from denying its validity. It would be intolerable for a party to accept of the amount awarded, and be permitted afterwards to impeach either the justice or validity of the award.
We can only enter judgment for the defendants.